JANVIER, Judge.
Plaintiff, engaged in the sale of furniture and household appliances, on November 3, 1952, sold to the defendant, Victor E. Lodge, certain furniture and appliances and in payment thereof obtained a promissory note secured by chattel mortgage on said merchandise. The amount of the note was $1,071.48, which included capitalized interest and costs of chattel mortgage. It was payable at the rate of $60 per month, except the last payment, and purported to bear interest at the rate of 8% per annum from maturity. It also contained the usual acceleration clause and certain special clauses under which the maker agreed that the time of payment might be extended without notice and that no delay on the part of the holder in exercising any rights should operate as a waiver of such rights. It also provided that should any installment payment not be made when due, the entire note should mature, and that should it become necessary to employ an attorney to effect collection or to effect compromise, the fee of the attorney should be fixed at twenty per cent on the total amount due.
At no time did the maker, Lodge, who is defendant now, make payment of $60 but, commencing on December 9, 1952 and terminating on June 17, 1957, he made payments in varying amounts and on that last day, June 17, 1957, made a payment of $20 which made the total payments-amount to the exact face of the note, to-wit $1,071.48. During that period Lodge made fifty-seven payments.
On April 9, 1957, when all but $50 of the face of the note had been paid, the holder made a charge of $216.01 designated as “carrying charges for 4 years.” This amount, $216.01, has not been paid and this suit has as its object the collection of that amount and for recognition of the vendor’s lien and chattel mortgage, together with interest and attorney’s fees.
*446 There was judgment in the First City Court of New Orleans dismissing the suit and plaintiff has appealed.
In his reasons for judgment, the Judge a quo said:
“The Court is of the opinion in this matter that the defendant made consistent -and regular monthly payments on this account until the total amount due, that is the sum of $1071.48 was paid in full.
“That at the time of the making of this note, carrying charges, interest, etc., were all included in the making of the principal sum of the said note and the court is of the opinion that by trying to charge additional interest and/or carrying charges and attorney’s fees, is a dual assessment, and, accordingly, feels that the defendant is not liable therefor.”
There are some rather unusual facts which have convinced us that the views expressed by the Judge a quo and the result reached are fully justified. The named defendant is a Negro seaman who apparently is often absent and who, in fact, was never served in person when the suit was filed and who never filed answer or appeared. His wife from whom he is now separated has possession of the furniture and appliances and to allow the plaintiff at this late date to seize these articles would, under the circumstances, be most inequitable and does not seem to be justified even under the legal principles contended for by plaintiff.
While it is true that from the very beginning no payments were made for the correct amounts nor at the correct times, there were payments made in practically every month beginning with December 9, 1952 and ending with a final payment of $20 on June 17, 1957, which $20 payment made the total amount paid exactly equal to the face amount of the note.
Plaintiff maintains that at no time did it grant an extension, but that it did grant “forebearance.” It did not turn the matter over to its attorney until there remained due only $50, and then it did so after computing an additional interest charge of $216.01. Even after it added this charge it accepted four payments, three of $10 each and one of $20 which as already stated, made the total amount paid exactly the face amount of the note.
Plaintiff concedes that there is a well established principle that where, in accepting payments at a late date, the holder of a note creates the presumption that it has waived its rights to insist on the harsh terms of the note, but argues that such a defense is based on estoppel and must be specially' pleaded and that here, since defendant did not appear and did not answer, the defense of estoppel is not available to the wife of the plaintiff who has possession of the articles.
We think that under all of the circumstances plaintiff, by accepting payments late fifty-seven times, has completely established the fact that it has waived its right to proceed under the terms of the note.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
McBRIDE, J., absent, takes no part